**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4361**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ANDREW SPEAGLE, SR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:05-cr-00234-KDB-SCR-2)

---

Submitted:  March 11, 2025                           Decided:  April 23, 2025

---

Before GREGORY and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While on supervised release after serving a 262-month term of imprisonment for conspiracy to possess with intent to distribute methamphetamine, John Andrew Speagle, Sr., was charged with violating the conditions of his supervision by committing new criminal conduct, using methamphetamine on two occasions, and failing to report as directed. Following a revocation hearing at which local law enforcement and Speagle's probation officer testified regarding the events leading to the charged violations, the district court revoked Speagle's supervised release and sentenced him to 10 months' imprisonment, to be followed by a 36-month term of supervised release. On appeal, Speagle argues that the district court erred by admitting hearsay evidence of his positive drug test results without having the lab analyst testify as to the reliability of the drug tests or conducting the requisite balancing test pursuant to *United States v. Doswell*, 670 F.3d 526 (4th Cir. 2012). For the reasons that follow, we affirm.

We review a district court's evidentiary rulings in a supervised release revocation hearing for abuse of discretion. *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). As such, we "will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (internal quotation marks omitted).

"[A] person charged with a violation of the terms of supervised release 'is entitled to . . . an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.'" *Combs*, 36 F.4th at 505-06 (quoting Fed. R. Crim. P. 32.1(b)(2)(C)). Pursuant to Rule

2

32.1(b)(2)(C), "'prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation.'" *Id.* at 506 (quoting *Doswell*, 670 F.3d at 530). Although not determinative on its own, "[r]eliability is a critical factor in that balancing test." *Id.* (internal quotation marks and brackets omitted). "If hearsay evidence is reliable and the Government has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1." *Doswell*, 670 F.3d at 531; *see also United States v. Ferguson*, 752 F.3d 613, 617 (4th Cir. 2014). However, a district court's failure to make "any reliability finding or any attempt to engage in the balancing test required by Rule 32.1" is an abuse of discretion. *Doswell*, 670 F.3d. at 531.

During Speagle's revocation hearing, the Government moved to admit two exhibits, both of which contained drug test results and statements made by Speagle regarding his drug use, to prove the two charged violations for using methamphetamine. But when Speagle objected to the admission of those exhibits because the lab analyst who performed the drug tests was not present and available for cross-examination, the district court overruled the objections and admitted the evidence without making a reliability finding or attempting to engage in a balancing test as required by Rule 32.1(b)(2)(C). Nor did the Government explain its failure to produce the lab analyst. The district court's failure to conduct the required balancing test prior to admitting Speagle's drug test results was error. *See United States v. Wheeler*, 130 F.4th 406, 417 (4th Cir. 2025) (making clear that "district courts considering the admission of hearsay evidence in revocation proceedings must

3

balance, on the record, the defendant's interest in confrontation against the Government's good cause").

Even so, evidentiary rulings are subject to harmless error review. *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010). In reviewing the admission of hearsay in a revocation hearing, "the proper harmlessness test must ensure that the error had no substantial and injurious effect or influence on the outcome, not whether the error was harmless beyond a reasonable doubt." *Ferguson*, 752 F.3d at 618 (internal quotation marks omitted).

Here, the district court found that Speagle had violated the terms of his supervised release by using methamphetamine, and stated that it made that finding irrespective of any drug test results, based on Speagle's admissions contained in the Government's exhibits. Speagle admitted to using methamphetamine once and to touching methamphetamine on another occasion. Indeed, Speagle admitted in open court to the violation charging him with using methamphetamine on the first occasion. Moreover, all of Speagle's violations were Grade C violations for which the advisory Sentencing Guidelines range was 8 to 14 months' imprisonment. Thus, even had the Government failed to prove the two drug violations, Speagle's Guidelines range would have remained the same. For these reasons, we conclude that any error in admitting hearsay evidence was harmless and did not have a substantial and injurious effect or influence on the court's decision that Speagle violated his supervised release terms and its imposition of a 10-month-term of imprisonment.

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*